UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUKE ENERGY CORPORATION,

      Plaintiff,

v.                                    Case No. 8:14-cv-3163-T-33TBM

GREENPOINTE HOLDINGS, LLC, ET AL.,

      Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Defendants GreenPointe Holdings, LLC, GreenPointe Communities, LLC, GreenPointe Homes, LLC, SH Venture I, LLC, and RH Venture II, LLC's ("Defendants") Motion to Dismiss for Lack of Diversity Subject Matter Jurisdiction, which was filed on February 17, 2015. (Doc. # 21). Plaintiff Duke Energy Corporation filed a response in opposition thereto on March 4, 2015. (Doc. # 28). For the reasons set forth below, the Motion is granted.

**Discussion**

Defendants filed the present Motion pursuant to Fed. R. Civ. P. 12(b)(1) contending that this Court lacks subject matter jurisdiction over this action. (See Doc. # 21); see 28 U.S.C. § 1332.

A. <u>Legal Standard</u>

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994) (internal citations omitted). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1299 (11th Cir. 2001). Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 924 n.5 (11th Cir. 2003).

A facial attack on the complaint requires "the court merely to look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990)(quoting <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d 507, 511 (5th Cir. 1980)). Factual attacks,

2

in comparison, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings. . . ." Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(quoting Lawrence, 919 F.2d at 1529). When the jurisdictional attack is factual, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo, 175 F.3d at 960. Because the very power of the Court to hear the case is at issue, the Court is free to weigh evidence outside the four corners of the complaint. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982).

**B. Analysis**

On December 19, 2014, Plaintiff initiated this action predicating this Court's subject matter jurisdiction on complete diversity of citizenship. (See Doc. # 1). In doing so, Plaintiff set forth the following jurisdictional allegations:

> Plaintiff Duke is a Delaware corporation with its principal place of business in Charlotte, North Carolina.

> Defendant GreenPointe Holdings, LLC ("**GreenPointe Holdings**") is a Florida limited liability company with its principal place of business in Jacksonville, Florida. The managing member of GreenPointe Holdings is Edward E. Burr, an individual who resides in Florida.

3

Defendant GreenPointe Communities, LLC ("**GreenPointe Communities**") is a Florida limited liability company with its principal place of business in Jacksonville, Florida. The managing member of GreenPointe Communities is GreenPointe Holdings.

Defendant GreenPointe Homes, LLC ("**GreenPointe Homes**") is a Florida limited liability company with its principal place of business in Jacksonville, Florida. The managing member of GreenPointe Homes is GreenPointe Holdings.

Defendant SH Venture I, LLC ("**SH Venture**") is a Florida limited liability company. The sole member of SH Venture is SH Venture Group, LLC, whose managing member is GreenPointe Communities.

Defendant RH Venture II, LLC ("**RH Venture**") is a Florida limited liability company, the sole member of which is River Hall Investment Group, LLC, a Delaware limited liability company. The managing member of River Hall Investment Group is GreenPointe Communities.

(Id. at ¶¶ 7-12)(emphasis in original).[1]

By way of the present Motion, Defendants argue that Plaintiff has "deficiently pled the citizenships of GreenPointe Holdings, GreenPointe Communities, and GreenPointe Homes because Duke lists only their 'managing members' and not all their members." (Doc. # 21 at 4).

---

[1] The parties do not dispute that the amount in controversy requirement is satisfied in this action.

Furthermore, Defendants suggest that Plaintiff has failed to adequately allege the citizenships of SH Venture and RH Venture "because their sole members are other LLCs, which . . . triggers the 'up-the-chain' scenario." (<u>Id.</u> at 5). Namely, Defendants posit that Plaintiff should have "looked 'up-the-chain' and listed every member of the second-level LLCs." (<u>Id.</u>). Instead, according to Defendants, Plaintiff listed only the "'managing members' of the second-level LLCs." (<u>Id.</u>).

In response, however, Plaintiff submits that the complaint "on its face properly alleges diversity of citizenship." (Doc. # 28 at 5). Specifically, Plaintiff argues that:

> The complaint . . . properly alleges that Duke is a citizen of the State of Delaware and properly alleges diversity of citizenship with the Defendant LLCs, along with a sufficient factual basis for diversity jurisdiction. The Complaint identifies all of the known members of the Defendant LLCs, including the known membership of LLCs that are "up the chain," and specifically alleges that Edward E. Burr is the individual member behind the varying layers of limited liability complies.  The factual allegations establish that Mr. Burr is a resident and citizen of the State of Florida.

(<u>Id.</u> at 5-6).

"To sufficiently allege the citizenships of []
unincorporated business entities, a party must list the
citizenships of all the members of the limited liability
company." <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings
LLC</u>, 374 F.3d 1020, 1022 (11th Cir. 2004). Upon review of the
complaint, the Court finds that Plaintiff failed to
adequately allege complete diversity at the time of
initiating this action.

The Court acknowledges the arguments set forth in
Plaintiff's response, which includes a flow chart provided to
depict "[Plaintiff's] allegations with respect to the
citizenship of the members of the Defendant LLCs, as alleged
in the complaint." (<u>See</u> Doc. # 28 at 5). However, the Court
cannot overlook that in the complaint, when alleging
Defendants' citizenships, Plaintiff refers to *managing
members,* whereas in its response, Plaintiff denotes members
as "managing *(and sole known)* member[s]." (<u>See</u> Doc. ## 1,
28)(emphasis added).

Specifically, as it relates to Defendant GreenPointe
Holdings, LLC Plaintiff states the following in the
complaint:

> Defendant GreenPointe Holdings, LLC ("**GreenPointe
> Holdings**") is a Florida limited liability company

6

> with its principal place of business in
> Jacksonville, Florida. The managing member of
> GreenPointe Holdings is Edward E. Burr, an
> individual who resides in Florida.

(Doc. # 1 at ¶ 7)(emphasis in original). At no time in the complaint did Plaintiff indicate that Mr. Burr was the *sole member* of GreenPointe Holdings, LLC, therefore requiring Plaintiff to only provide the citizenship of Mr. Burr – the LLC's only member. Furthermore, Plaintiff provided that Mr. Burr "resides in Florida." (Id.). However, as explained in Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011), "citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."

Moreover, with regard to SH Venture I, LLC, Plaintiff provided that "[t]he *sole member* of SH Venture is SH Venture Group, LLC, whose *managing member* is GreenPointe Communities." (Id. at ¶ 11). However, Plaintiff fails to indicate whether GreenPointe Communities, LLC – as the *managing member* – was the *sole member* of SH Venture Group, LLC or, whether there were other members of SH Venture Group, LLC. Thus, on the face of the complaint, Plaintiff fails to adequately allege that complete diversity exists.

Therefore, for the reasons set forth above, Defendants'
Motion is granted. Plaintiff is directed to file an Amended
Complaint by **March 19, 2015**, sufficiently alleging that
complete diversity exists in this action. Failure to do so
will result in an Order dismissing this action without
prejudice due to lack of subject matter jurisdiction.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendants' Motion to Dismiss for Lack of Diversity
Subject Matter Jurisdiction (Doc. # 21) is **GRANTED.**

(2) Plaintiff is directed to file an Amended Complaint by
**March 19, 2015**, sufficiently alleging that complete
diversity exists in this action. Failure to do so will
result in an Order dismissing this action without
prejudice due to lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th
day of March, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record